**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMAL TARHUNI, | No. 15-35887 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00001-BR |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General; FEDERAL BUREAU OF INVESTIGATION; ANDREW G. MCCABE, Acting Director; FBI TERRORISM SCREENING CENTER; CHRISTOPHER M. PIEHOTA, Director, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 17, 2017
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and SILVER,** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Jamal Tarhuni appeals from the district court's order dismissing his case for lack of jurisdiction as moot.[1] We have jurisdiction under 28 U.S.C. § 1291. For the reasons below, we vacate the district court's order of dismissal and remand for the district court to consider whether or not further leave to amend is proper.

The parties agree, as do we, that the district court erred when it dismissed Tarhuni's case for lack of jurisdiction and with prejudice, as opposed to without prejudice. *See Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106–07 (9th Cir. 2006) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). We therefore vacate the district court's order of dismissal.

Tarhuni also argues that the district court erred when it concluded that his case is moot because it can provide "effective relief" by ordering Defendants-Appellees to remove his name from the Terrorism Screening Database (the "TSDB"). *See Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012). Tarhuni is correct that this form of relief may be available to a successful plaintiff. *See, e.g., Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 993 (9th Cir. 2012); *Ibrahim v. Dep't of Homeland Sec.*, 62 F. Supp. 3d 909, 929

---

[1] The district court converted Defendants-Appellees' motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) into a motion for summary judgment because it considered material outside the pleadings. We note that this was unnecessary: A court may refer to evidence outside the pleadings when considering a motion to dismiss for lack of jurisdiction under Rule 12(b)(1). *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

(N.D. Cal. 2014). However, Tarhuni did not seek this particular form of relief in his amended complaint, nor did he raise it before the district court. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer . . . .").

We therefore remand and instruct the district court to consider whether it should grant leave to amend. In deciding whether or not leave to amend is proper, the district court should give due consideration to the factors described in *Foman v. Davis*, 371 U.S. 178 (1962), including "undue delay, bad faith . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment." *Id.* at 182.

We express no view as to whether the district court erred when it determined that the voluntary cessation exception to mootness does not apply to Tarhuni's substantive due process claim seeking a declaratory judgment.

Costs shall be taxed against Defendants-Appellees. *See* Fed. R. App. P. 39(a)(3).

**REVERSED AND REMANDED WITH INSTRUCTIONS.**